UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BERNICE SILVERSMITH, *on behalf of
herself and* HWEELDI SILVERSMITH,

    Plaintiffs,

v.                                                         Civ. No. 20-566 WJ/GJF

SHAWN MARTIN, ARTHUR M. CRUZ,
CHRISTIAN ROMAN, and UNKNOWN
PERSONS 1-100,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court upon Defendants' "Motion to Stay Discovery Pending Resolution of Their Motion for Summary Judgment Based on Qualified Immunity" [ECF 32] ("Motion"). The Motion is fully briefed. *See* ECFs 38 (response), 40 (reply). On March 29, 2021, the Court held a hearing on the Motion. *See* ECF 44 (clerk's minutes). As further explained below, the Court will **GRANT** Defendants' Motion and **STAY** all discovery in this case pending the Court's resolution of Defendants' Motion for Summary Judgment based on Qualified Immunity [ECF 31].

I.    **BACKGROUND**

Plaintiffs filed suit under 42 U.S.C. § 1983, alleging that Defendants violated Plaintiffs' Fourth and Fourteenth Amendment rights by (1) unlawfully detaining, arresting, and charging Plaintiff Bernice Silversmith for driving under the influence and wrongfully drawing her blood without a warrant and (2) unlawfully detaining her disabled adopted son, Plaintiff Hweeldi Silversmith, and verbally and physically abused him. *See* ECFs 1-8; 12 at 1-5. In February 2021, Defendants filed a Motion for Summary Judgment based on Qualified Immunity [ECF 31], as well

as the instant Motion. This Motion asks this Court to stay all proceedings pending the Court's ruling on the Motion for Summary Judgement. ECF 32 at 2.

In their response [ECF 38], Plaintiffs put forth no legal argument for why discovery should not be stayed pending the Court's resolution of Defendants' Motion for Summary Judgment. Instead, Plaintiffs assert that Defendants did not comply with their Rule 26 initial disclosure obligation—and further suggest that Plaintiffs were unfairly misled by this failure. *See* ECF 38 at 1-4.[1] Consequently, Plaintiffs request that the Court (1) order Defendants to comply with Rule 26 of the Federal Rules of Civil Procedure; (2) reset the discovery deadlines; and (3) grant Plaintiffs an opportunity to amend their complaint to include Officer Calvin Brown—the officer who may have been the one to wrongfully detain and abuse Plaintiff Hweeldi Silversmith—as a Defendant. *Id.* at 1-4.

## II.  LAW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as

---

[1] At the hearing, Plaintiffs' counsel contended that Defendants' description of the relevant subjects about which Officer Brown was aware was too limited and should have included something more specific than just "[information] regarding the sobriety check point referenced in Plaintiffs' Complaint." ECF 38 at ¶ 3. Plaintiffs' counsel contended that Defendants should have instead indicated that at least one subject of Officer Brown's potential testimony was that *he* transported Plaintiff Hweeldi Silversmith—and not Defendant Officer Martin as is alleged in the Complaint.

trial, the Supreme Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Iqbal*, 556 U.S. at 685-86.

**III.  ANALYSIS**

The Court finds that a stay of discovery is appropriate. In their Motion for Summary Judgment, Defendants invoked qualified immunity and affirmatively sought dismissal Plaintiffs' complaint with prejudice. *See* ECF 31, *passim.* The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery. *See*, *e.g.*, *Tenorio v. Pitzer*, No. CIV 12-1295 JCH/KBM, 2013 WL 12178001 at *3 (D.N.M. July 27, 2013) (observing that "the law is clear that discovery should be stayed upon assertion of qualified immunity").

Although Plaintiffs have waited over 50 days since receiving Officer Brown's affidavit [ECF 31-1]—putting them on notice that Officer Brown, and not Officer Martin, may have been the offending officer—they have not yet moved to amend their complaint. *See* ECFs; 31-1; 44 at 2. Nevertheless, in light of Plaintiffs' assertion of unfairness due to an alleged inadequate Rule 26

3

initial disclosure, the Court will allow Plaintiffs until April 12, 2021, to move to amend their pleadings and/or join additional parties.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion [ECF 32] is **GRANTED** in that all discovery in this case is **STAYED** pending the Court's resolution of Defendants' Motion for Summary Judgment based on Qualified Immunity [ECF 31].

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **April 12, 2021,** to move to amend their pleadings and/or join additional parties.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE